ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NICHOLAS NUNEZ, CHERYL PORTIS-KELLEY
EVANGELINE PHILLIPS, TROY BOOTH
STEVEN DORSEY, RAMESES RODRIGUEZ
HERBERT REED, JOSE SANCHES

        Plaintiffs,

  - against -

ANDREW CUOMO, Governor of the
State of New York,

        Defendant.
----------------------------------X

MOTION FOR TEMPORARY RESTRAINING ORDER


RECEIVED JUL 25 2011 PRO SE OFFICE

    Plaintiffs move the Court to issue a temporary restraining order against the defendant in the cause immediately restraining and enjoining him and each of his agents, employees, servants, or attorneys from enforcing defendants decision to close the Arthur Kill Correctional Facility, and from causing the transfer of plaintiffs, from Arthur Kill Correctional Facility, and for the grounds of the motion, the plaintiffs specify the matters and things alleged in their Complaint filed with this motion, and the annexed affidavits, which is incorporated here by reference, and made part of this motion.

Dated: July 25, 2011
      Staten Island,
      New York

Respectfully submitted,

_____
HERBERT REED,
Plaintiff, pro se
Arthur Kill Corr. Fac.
2911 Arthur Kill Road
Staten Island, NY 10309

917-834-8306

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

HERBERT REED

                       Plaintiffs,

- against -

ANDREW CUOMO, Governor of the
State of New York,

                       Defendant.
----------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER**

STATE OF NEW YORK )
COUNTY OF RICHMOND ) SS:

        , being duly sworn, deposes and says under penalty of perjury:

1. I am a plaintiff in the above-captioned action and makes this affidavit in support of my motion for a temporary restraining order to ensure that, I nor any member of the action herein are subjected to any transfer from Arthur Kill Correctional Facility to any other New York State Correctional Facility, and that Arthur Kill Correctional Facility remain open, and in operation until such time as the Court adjudicates the allegations in plaintiff's Complaint.

2. As set forth in the Complaint in this case, I am a member of the class of African-American, Asian-American, and Latino Correction Officers employed by the State of New York - Depart of Correctional Services, and Community

Supervision, and has been deprived of Constitutional Right to the Equal Protection of Law by defendants' disparate, and racially discriminatory order to close Arthur Kill Correctional Facility.

3. That for more than 10 years, I have been assigned to Arthur Kill Correctional Facility, where I am considered a veteran officer with a job function thereat that was secured followed competitive bidding, where my seniority qualified me most deserving, and/or eligible for the position.

4. Accompanying my presently protected job posting, resulting from the above-described bidding process, I have immediate family members, who are residing within the Greater New York Metropolitan Area, and the defendants' actions to close Arthur Kill Correctional Facility, and transfer me, and members of my class to other facilities in Northern New York State, that are extremely remote amounts to an elimination of my job, and disruption of my family relationships, since the defendants' actions makes my continuing employment economically unsustainable due to the costs associated with the hightened costs of travel, and/or affordable housing.

5. Defendants' order, and/or decision to close Arthur Kill Correctional Facility was not preceded by any discussion with plaintiff, or members of his class, whereby the plaintiffs would have had an opportunity to have their concerns considered. Furthermore, defendant refused to meet with plaintiffs after their concerns were made known to him directly, and by their local elected officials, and correctional experts, demonstrating his deliberate indifference to their concerns, and the racially disparate impact of his decision upon them.

6. On information and belief, defendant made a conscious decision to avoid any discussion, and/or consideration of plaintiff's concerns prior to making his decision to close Arthur Kill Correctional Facility, considering plaintiff's class a low priority due to their disproportionately low numbers of union members in relation to the larger white union membership located in Northern New York Counties.

7. As set forth in the Complaint in this case, and supported by exhibits attached thereto, defendants' decision to close Arthur Kill Correctional Facility was made upon racially motivated, and political factors, and

---

1. See, Mitchell v. Cuomo, 748 F.2d 804,805, (1984), wherein failure to provide community participation in a (prison opening) resulted in its closure by former Gov. Cuomo, thus demonstrating a duality in New York's customs, and practices between the white community, and minority communities. West Brentwood, N.Y. was predominately white in 1984.

not upon some non-racially discriminatory penalogical, security, or rehabilitational factors. As the plaintiff's exhibits to the Complaint before the Court demonstrate:

a) 217 community registered volunteers will be eliminated, and;

b) Accessible/Affordable Visitors-Transportation Program had been terminated

, which will serve to exacerbate the well known difficulties the state's mostly Black and Latino have in accessing, and obtaining services critical to their chances at living and remaining at liberty without violating the law once released. Ostensibly, such services, and resources that were readily available to inmates at Arthur Kill Correctional Facility are considered a major component of modern day corrections. Closing of Arthur Kill Correctional Facility, and transfer of inmates to facilities away from their families, the readily documented rehabilitational resources evidences the racially/political motivation of defendants decision, and a blatant show of deliberate indifference to his statutorily mandated obligation to provide opportunities, and programs to foster rehabilitation. Such actions are in sum and substance prima facie evidence of defendants' wrongful, and Constitutionally impermissible conduct.

8. I, and members of the class will suffer irreparable harm, which will negatively impact upon their more than 300 family members, as well, as Arthur Kill[2] Correctional Facility's more than 700 inmates as a result of defendants wholly racially and politically motivated disparate, and discriminatory conduct as more fully set forth in the Complaint.

9. Plaintiff's request for a temporary restraining order, pursuant to Rule 65(b)(1)(a) of the Federal Rules of Civil Procedure should be granted, as the allegations set forth in the Complaint, and the irreparable injury plaintiffs will suffer raise sufficiently questions of Constitutional concerns. Whereas, in the plaintiff's case before this Court, alleging racially disparate consequences of defendants employment practices, defendant must show that such consequences are constitutionally acceptable. See, e.g.; Kirkland v. New York State Department of Correctional Services, 520 F.2d 420, 425 (2d. Cir. 1975).

Plaintiffs are proceeding in pro se, due to the eminent injury, and urgency required in restraining the defendants' Constitutionally impermissible conduct, and respectfully request that in the interest of justice the Court waive the Rule 65(c), Fed. R. Civ. P. requirement that they post security.

---

2. Arthur Kill Correctional Facility has an inmate capacity rate of 931 inmates, which has been reduced to its presently approximate 700, within the last few weeks.

**WHEREFORE**, plaintiff respectfully pray that the Court grant his motion for a temporary restraining order, enjoining defendants, his agents, and/or servants from closing Arthur Kill Correctional Facility, and from transfering the plaintiff, or members of **Complaint** and for such other and further relief as the Court may seem just and equitable. A copy of this motion and affidavit has been respectfully mailed to the defendant.

cc: Hon. Eric Schneiderman
Attorney General for the
State of New York
120 Broadway
New York, N.Y. 10271

Plaintiff, pro se
Arthur Kill Corr. Fac.
2911 Arthur Kill Rd.
Staten Island, NY 10309

917-834-8306

Sworn to before me this

25 day of July, 2011

Notary Public

NATASHA SEYMORE
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01SE6144418
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 4/24/20 14